UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MEGAN BROUSSARD** | **:** | **CIVIL ACTION NO. 2:24-CV-01168** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **MATTHEWS AND SON FUNERAL HOME LLC ET AL** | **:** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is a Motion for Default Judgment [doc. 21] filed by plaintiff, Megan Broussard ("Plaintiff"), seeking a default judgment against defendants, Matthews & Son Funeral Home, LLC ("Matthews") and Sheryl Portie ("Portie," and collectively with Matthews, "Moving Defendants"), and Moving Defendants' Motion to Set Aside Entry of Default and File Answer Out of Time [doc. 26], Motion for Leave to File Sur-Reply regarding the Motion for Default Judgment [doc. 30], and Motion for Oral Argument regarding the Motion to Set Aside Entry of Default [doc. 35]. As these motions are all related, they will be resolved together. The motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

Plaintiff filed the Motion for Default Judgment [doc. 21], and Moving Defendants opposed it [doc. 26]. Plaintiff has replied [doc. 29], making this motion ripe for resolution. For the reasons set forth below, it is recommended the Motion for Default Judgment [doc. 21] be **DENIED AS MOOT.**

The Motion to Set Aside Entry of Default and File Answer Out of Time [doc. 26] was filed by Moving Defendants. Plaintiff has opposed the motion [doc. 29], making this motion ripe for

resolution. For the reasons set forth below, it is recommended the Motion to Set Aside Entry of Default and File Answer Out of Time [doc. 26] be **GRANTED.**

The Motion for Leave to File Sur-Reply in further Opposition to the Motion for Default Judgment [doc. 30] was filed by Moving Defendants. Plaintiff opposed the motion [doc. 34], making this motion ripe for resolution. For the reasons set forth below, it is recommended the Motion for Leave to File Sur-Reply [doc. 30] be **DENIED AS MOOT.**

Finally, the Motion for Oral Argument regarding the Motion to Set Aside Entry of Default [doc. 35] was also filed by Moving Defendants. The time for response has passed with none being filed, making this motion ripe for resolution. For the reasons set forth below, it is recommended the Motion for Oral Argument [doc. 35] be **DENIED AS MOOT.**

# I.
## BACKGROUND

Plaintiff Megan Broussard filed suit on August 27, 2024, naming as defendants Matthews, Portie, and Justin Lee. Doc. 1, p. 2. Plaintiff alleges the defendants violated 42 U.S.C. § 1981 and/or 42 U.S.C. § 1985 by terminating her employment based solely on her race. *Id.* at ¶¶ 43-48.

Moving Defendants were served with process on September 9, 2024, with their answers being due on September 30, 2024, while Lee was served on September 12, 2024, with his answer being due on October 3, 2024. Docs. 6-8. On October 1, 2024, Lee filed a Motion for Extension of Time to Answer [doc. 9], which this Court subsequently granted [doc. 10]. Moving Defendants, however, failed to file a timely answer. Accordingly, fifteen days after Moving Defendants' deadline to answer, Plaintiff filed a Motion for Entry of Default. Doc. 13. The Clerk of Court then entered default as to Moving Defendants. Doc. 14. After the requisite fourteen days had passed since the entry of default,[1] Plaintiff filed a Motion for Default Judgment. Doc. 21. When served

---

[1] LR 55.1.

with the Notice of Motion Setting for the Motion for Default Judgment [doc. 22], Moving Defendants immediately filed their answer [doc. 24], which answer was then marked as deficient by the clerk of court [doc. 25]. The deficiency notice advised Moving Defendants that, because default already had been entered, "[t]he only pleading permissible from a party in default is a motion to set aside the default," which motion was required to be filed within ten (10) days. Doc. 25. Fourteen days after the deficiency notice issued, Moving Defendants filed a Motion to Set Aside Entry of Default. Doc. 26. Once responses were filed, Matthews and Portie filed a Motion for Leave to File Sur-Reply regarding the Motion for Default Judgment [doc. 30] and a Motion for Oral Argument regarding the Motion to Set Aside Entry of Default [doc. 35].

As resolution based on the merits of a case is preferred over entry of default judgment, *Whitman v. U.S. Lines, Inc.*, 88 F.R.D. 528, 530 (E.D. Tex. 1980), the Court will resolve the Motion to Set Aside Entry of Default [doc. 26] first.

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 55(c), an entry of default may be set aside for good cause. Good cause, however, "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Coastal Commerce Bank v. SM Energy LLC*, 2017 WL 5640765, at *1 (W.D. La. Nov. 21, 2017) (quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992)).

To determine whether good cause exists, the Court considers: "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Coastal Commerce Bank*, 2017 WL 5640765, at *1 (quoting *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003)). These factors are not exclusive, however, and all relevant circumstances should be

considered. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). Accordingly, courts also look to: "(1) the public interest; (2) the possibility of significant financial loss to the defendants; and (3) whether the defendants acted expeditiously to correct their default." *Perez v. Gary Zars Fiberglass Pools, Inc.*, No. CV SA-13-CA-90-FB, 2014 WL 12878561, at *2 (W.D. Tex. May 7, 2014) (citing *Dierschke*, 975 F.2d at 184)).

Regardless, "the Court should consider all relevant circumstances against the background principles that cases should be resolved on the merits." *Douglas v. O'Neal*, No. 1:17-CV-00808, 2018 WL 2437680 AT *2 (W.D. La. Apr. 23, 2018), *report and recommendation adopted*, No. 1:17-CV-00808, 2018 WL 2435701 (W.D. La. May 30, 2018) (citing *Lacy*, 227 F.3d at 292 ("[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.")); *see also Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) ("Federal Rules are diametrically opposed to a tyranny of technicality; . . . [s]trict enforcement of defaults has no place in the Federal Rules. . . ."). The Fifth Circuit disfavors defaults and prefers resolution on the merits. *Whitman*, 88 F.R.D. at 530. Accordingly, "in the absence of the plaintiff demonstrating his claims will suffer legitimate prejudice from setting aside the default, 'any doubt should . . . be resolved in favor of [the defendant] to the end of securing a trial upon the merits.'" *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

Here, the factors used to determine if there is good cause weigh in favor of setting aside the clerk's Entry of Default [doc. 14]. First, Moving Defendants' failure to timely answer did not rise to the level of a willful failure. Moving Defendants submit various events combined to result

in their delayed response—i.e., there was confusion as to representation of the various defendants at the outset of the dispute; they did not receive notice of the entry of default; there were hopes of early resolution; and Moving Defendants' had requested an extension to answer from Plaintiff's original counsel that seemingly was lost in the transition of Plaintiff's representation. Doc. 26, pp. 2-3. Plaintiff, however, argues she sent two warnings of default, attaching FedEx and email receipts as evidence of delivery of those warnings. Doc. 29, pp. 3; Doc. 21, att. 2. As to Moving Defendants other defenses against willful failure, Plaintiff only argues those allegations are unsworn hearsay or not supported by documentation. Doc. 29, p. 4. Under Federal Rule of Civil Procedure 11, however, the factual allegations provided in the motion are sufficient to resolve these motions. [2]

Therefore, although the parties' allegations may conflict, all doubt must be resolved in favor of Moving Defendants. *Jenkens*, 542 F.3d at 123. While Moving Defendants failed to timely answer after service, courts dealing with actions similar to those of Moving Defendants in this case have concluded they do not rise to the level of willful failure. [3] Accordingly, the allegations of

---

[2] "Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." Fed. R. Civ. P. 11(a).

[3] The Northern District of Mississippi held that "it matters little whether plaintiff's counsel agreed to an extension of thirty days or three hundred; the time within which to file an answer is fixed by Fed. R. Civ. P. 12(a) and cannot be enlarged except by court order. Why such an order was not sought of this Court we can only surmise, but to impute such an oversight of counsel to the client, with such drastic consequences attendant, would be grossly unfair." *Segars v. Hagerman*, 99 F.R.D. 274, 276 (N.D. Miss. 1983).

The Western District of Texas found that, "courts have found 'cause' to set aside an entry of default based on defense counsel's good faith belief that settlement negotiations were ongoing, even if this belief proves to be erroneous. Defendants assert their good faith belief that settlement negotiations are proceeding and that the dispute may be resolved without resort to the Court. Plaintiff has controverted this allegation. Resolving the doubt in favor of defendants, as the Court must in this Rule 55(c) proceeding, the Court finds that defendants have shown good cause to set aside the entry of default." *Perez v. Gary Zars Fiberglass Pools, Inc.*, No. CV SA-13-CA-90-FB, 2014 WL 12878561, at *3 (W.D. Tex. May 7, 2014) (citations omitted); *see also Whitman v. U.S. Lines, Inc.*, 88 F.R.D. 528, 530 (E.D. Tex. 1980); *Mitchell v. Eaves*, 24 F.R.D. 434, 435 (E.D. Tenn. 1959).

Finally, the Southern District of Ohio held that "although it appears that Defendant may have been negligent in the handling of its mail, it could also be that Defendant, as it claims, did not receive the numerous documents allegedly sent from Plaintiff or this Court. Plaintiff claims that it is '*highly* questionable whether Defendant—as it claims—has

confusion, requested extensions, hopes of early resolution, and failure to receive notice presented by Moving Defendants, in light of the highly deferential standard applicable in these matters, are sufficient for this court to find Moving Defendants did not willfully fail to answer the complaint timely.

Second, Moving Defendants have meritorious defenses. "Defendants' allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." *O'Neal*, 2018 WL 2437680 at *5 (citing *Pelican Renewables 2, LLC v. Directsun Solar Energy & Tech., LLC*, 2016 WL 828267, at *5 (E.D. La. Mar. 3, 2016)). Moving Defendants allege Plaintiff violated State requirements by cremating a body without authorization, which has landed Matthews in litigation. Doc. 26, p. 4. They also allege Plaintiff violated the funeral home's policy by failing to secure payments from customers on multiple occasions. *Id.* These allegations, if proven at trial, could constitute a complete defense to Plaintiff's claims because they may provide legitimate, nondiscriminatory reasons for Plaintiff's termination.[4] Accordingly, this factor weighs in favor of setting aside the entry of default.

Third, Plaintiff has not made a sufficient showing of prejudice. "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy*, 227 F.3d at 293 (citing *Gen. Tel.*, 277 F.2d at 921). The only prejudice

---

received almost *nothing* either from Plaintiff or from this Court.' The Court, however, must resolve any doubt in favor of the petition to set aside the judgment. Thus, the Court determines that it was not the culpable conduct of the defendant led to the entry of default." *Simmons v. Ohio Civ. Serv. Emp. Assoc.*, 210 F.R.D. 207, 209 (S.D. Ohio 2002) (citations omitted).

[4] Discrimination claims brought under 42 U.S.C. § 1981 use the same framework as claims arising under Title VII of the Civil Rights Act of 1964. *Lawrence v. Univ. of Texas Med. Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999). That framework provides that the complainant "must carry the initial burden under the statute of establishing a prima facie case of racial discrimination . . . The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973).

Plaintiff alleges is the extra costs and fees incurred due to the instant motions. Doc. 29, p. 6. Indeed, Plaintiff cites caselaw that shows this prejudice can be mitigated by an award of reasonable attorney's fees. *Id.* at att. 1, p. 3. Accordingly, this is not a sufficient allegation of prejudice to warrant upholding the entry of default. Further, the delay of setting aside the entry of default will not prejudice Plaintiff as she must still resolve the case on the merits as to the third defendant, Justin Lee.

However, the attorney's fees incurred by Plaintiff caused by Moving Defendants' conduct and delay in answering shall be awarded to Plaintiff to mitigate any prejudice. This award is limited to fees incurred for "(1) October 21, 2024 letter from Plaintiff's counsel to Defendants warning of risk of default for failure to answer [doc. 13, Ex. D]; (2) November 15, 2024 Plaintiff motion for clerk default; (3) December 11, 2024 email to Portie warning of default [doc. 21, Ex. A]; (4) December 13, 2024 Plaintiff motion for default judgment; . . . (5) the [ ] response to Defendants' doc. 26 combined filing"; [doc. 29, p. 6] and (6) Plaintiff's opposition to Matthews and Portie's Motion for Leave to File Sur-Reply [doc. 34]. Accordingly, Plaintiff is entitled to recover reasonable attorney's fees for these specific tasks, but this recovery alleviates any prejudice to Plaintiff in setting aside the entry of default.

Fourth, Moving Defendants also argue that once they received notice of the Motion for Default Judgment [doc. 21], they expeditiously tried to cure the issue by filing their answer [doc. 24] and subsequently filing the Motion to Set Aside Entry of Default [doc. 26]. Doc. 26, p. 4. Indeed, they claim they were served with the Notice of Motion Setting regarding the Motion for Default Judgment [doc. 22] on December 16, 2024, and filed their answer that same day. *Id.* at p. 2. The answer was marked deficient by the clerk of court [doc. 25], and Moving Defendants responded to that notice of deficiency by filing the instant Motion to Set Aside Entry of Default as

instructed [doc. 26]. Plaintiff's only counter is claiming that answering over 75 days late despite warnings shows that Moving Defendants intentionally failed to answer. Doc. 29, p. 7.

This factor also weighs in favor of setting aside the entry of default. Upon notice of the Motion for Default Judgment [doc. 21], Moving Defendants attempted to file an answer. Doc. 24. Further, Moving Defendants filed their Motion to Set Aside Entry of Default [doc. 26] within two weeks of the deficiency notice informing them that entry of default had been issued and a motion to set aside default must be filed before an answer [doc. 25].[5]

Finally, in Plaintiff's opposition, she cites *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 595 (5th Cir. 2014) and *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 500-501 (5th Cir. 2015) for relevant precedent. These cases, however, are based on the more stringent standards of vacating a default judgment under Rule 60. "[S]etting aside an entry of default is not subject to the strict standards of setting aside a final judgment under Rule 60." *O'Neal*, 2018 WL 2437680 at *3 (citing 2015 Amendment to Fed. R. Civ. P. 55 ("The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment.")); *see also U.S. v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)). Further, under Fifth Circuit precedent, "motions to set aside entry of default are more commonly granted than motions to set aside default judgments." *Id.* (citing *Pelican Renewables 2, LLC*, 2016 WL 828267 at *4; *In re OCA*, 551 F.3d 359, 370 (5th Cir. 2008)). Therefore, *Wooten* and *In re Chinese Manufactured Drywall Prods* are distinguishable, and Moving Defendants need not meet the higher standards in play in those cases.

---

[5] It is not lost on the court that the deficiency notice required the motion to set aside entry of default to be filed within 10 days from the date of the notice (December 17, 2024) [doc. 25], and that Moving Defendants' motion was filed December 31, 2024, or 14 days thereafter. This delay, however, is excusable on the facts of this case, as an answer had been filed into the record and Moving Defendants were clearly at this point engaged in joining issue in this matter to avoid a default judgment.

As default judgment has not been entered, the Court need only apply the "good cause" standard rather than the "excusable neglect" standard used to set aside default judgments. Moving Defendants have made such a showing of good cause to set aside the Clerk's Entry of Default [doc. 14] and the Motion to Set Aside Entry of Default and Answer Out of Time [doc. 26] should be **GRANTED.** As the Motion to Set Aside Entry of Default [doc. 26] has been resolved based on briefing alone, the Motion for Oral Argument regarding the Motion to Set Aside Entry of Default [doc. 35], should also be **DENIED AS MOOT.**

"The entry of default by the Clerk of Court is the first step of a two-step process to securing default judgment against an uncooperative defendant." *Joe Hand Productions, Inc. v. Behind the Fence, LLC*, No. CV 16-00196, 2016 WL 5416836, at *2 (W.D. La. Aug. 22, 2016), *report and recommendation adopted*, No. CV 16-00196, 2016 WL 5477977 (W.D. La. Sept. 28, 2016). Upon granting the Motion to Set Aside Entry of Default [doc. 26], the clerk of court's entry of a default against Moving Defendants is reversed. As step one of the default process no longer is satisfied, no ground exists to proceed to step two, a default judgment. Plaintiff's Motion for Default Judgment [doc. 21], therefore, should be **DENIED AS MOOT.**

Although it is recommended that the Motion for Default Judgment [doc. 21] be denied as moot, for completeness of the record the Motion for Leave to File Sur-Reply regarding the Motion for Default Judgment [doc. 30] should be **GRANTED.**

### III. Conclusion

For the reasons stated, **IT IS RECOMMENDED**:

That the Motion to Set Aside Entry of Default and File Answer Out of Time [doc. 26] be **GRANTED**, and Moving Defendants be afforded fourteen (14) days from the date of adoption of this Report and Recommendation to file an answer to Plaintiff's complaint**;**

That the Motion for Oral Argument [doc. 35] with respect to the foregoing motion be **DENIED AS MOOT;**

That the Motion for Default Judgment [doc. 21] be **DENIED AS MOOT;** and

That the Motion for Leave to File Sur-Reply in further Opposition to the Motion for Default Judgment [doc. 30] be **GRANTED**.

It is **FURTHER RECOMMENDED** that an award be entered against Moving Defendants and in favor of Plaintiff to reimburse Plaintiff her reasonable attorneys' fees incurred for the following specific tasks relating to these matters: "(1) October 21, 2024 letter from Plaintiff's counsel to Defendants warning of risk of default for failure to answer [doc. 13, Ex. D]; (2) November 15, 2024 Plaintiff motion for clerk default; (3) December 11, 2024 email to Portie warning of default [doc. 21, Ex. A]; (4) December 13, 2024 Plaintiff motion for default judgment; . . . (5) the [ ] response to Defendants' doc. 26 combined filing"; [doc. 29, p. 6] and (6) Plaintiff's opposition to Moving Defendants' Motion for Leave to File Sur-Reply [doc. 34]. In this regard, Plaintiff shall file a sworn statement of the amounts so incurred, including adequate supporting documentation evidencing the attorney(s) who performed the work, an adequate description of the work performed, the rates charged by such attorney(s), and the time spent performing the work, within fourteen (14) days after adoption of this Report and Recommendation, and Moving Defendants shall have ten (10) days after the filing of the sworn statement to file any traversal of or objection thereto.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections

to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 15th day of September, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**