## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MEGAN BROUSSARD** | : | **CIVIL ACTION NO. 2:24-CV-01168** |
| **VERSUS** | : | **JUDGE DAVID C. JOSEPH** |
| **MATTHEWS AND SON** **FUNERAL HOME LLC ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed by defendant Justin Lee [doc. 11]. The motion is opposed by plaintiff Megan Broussard [doc. 18], and Lee has replied [doc. 23], making the motion ripe for resolution. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

For the reasons stated, **IT IS RECOMMENED** that the motion be **GRANTED**.

## I.
### BACKGROUND

Plaintiff Megan Broussard filed suit in this court on August 27, 2024, naming as defendants Matthews & Son Funeral Home LLC ("Matthews"), Sheryl Portie, and Justin Lee. Doc. 1, p. 2. The case arises from the termination of Plaintiff's employment with Matthews. *Id.* at p. 1. Specifically, Plaintiff claims she would not have been terminated but for her race, in violation of 42 U.S.C. § 1981 and/or 42 U.S.C. § 1985. *Id.* at ¶¶ 43-48.

### A. Factual Allegations

Plaintiff began her employment with Matthews in 2019. Doc. 1, ¶ 8. Both at the time she was hired and at the time she was terminated, Plaintiff was licensed as a Louisiana funeral home director. *Id.* Plaintiff alleges that at some point during her employment with Matthews, the owner,

Kevin Matthews, gave her a performance-based raise in the amount of $200 per week. *Id.* at ¶ 11. She contends, however, that discrimination against her started when Kevin Matthews ceased running the funeral home and defendants Portie and Lee started managing it. *Id.* at ¶ 12.

Specifically, as to defendant Lee, Plaintiff alleges that he "displayed a disdain for Plaintiff as a black professional employee, telling [Plaintiff] that she was grossly overpaid." *Id.* at ¶ 15. To support this racial animus, Plaintiff simply alleges that converse to what Lee stated, her pay was consistent with levels paid to other licensed funeral home directors. *Id.* at ¶ 15.1. She further supports her allegation that she was not grossly overpaid by alleging that she believes Matthews had to hire multiple people to replace her and reiterates that she was awarded a substantial raise by the previous owner for her work performance. *Id.* at ¶¶ 15.2-15.3.

The only other allegations pertaining specifically to defendant Lee revolve around Plaintiff's notice of termination. *Id.* at ¶¶17-20. Specifically, Plaintiff asserts defendants told her she was terminated for "insubordination." *Id.* at ¶ 18. When she asked Lee what insubordination he was referencing, he simply told Plaintiff the reasons for termination would be in her termination letter. *Id.* at ¶ 19. Plaintiff asserts, however, that the letter failed to provide any examples of insubordination or misconduct. *Id.* at ¶ 20.

Plaintiff further supports her claims of discrimination through general allegations referring to "Defendants" as a whole. *Id.* at ¶ 21. First, she alleges on the day of her termination she left her breakfast at the funeral home and when she returned for it, police arrived to inform Plaintiff that she was not allowed on the premises. *Id.* at ¶ 21.1. She claims that "[o]ther than being African American, there is no explanation of why this long-time employee would be treated as a threat requiring law enforcement involvement." *Id.* at ¶ 21.2. She further claims the police were never

called for white employees in similar circumstances. *Id.* at 21.3.  Plaintiff fails, however, to allege who called the police or who was specifically involved in her termination on that date.

Plaintiff clams additional support for her contention that her termination was based on race by providing a list of misconduct committed by white employees that did not result in termination. *Id.* at ¶¶ 23-30.  Plaintiff, however, again fails to allege which specific defendants were involved in the disciplinary actions for the non-minority employees.  Finally, Plaintiff concludes her allegations with a summary of the facts, stating that she was never viewed as a problem employee until defendants Portie and Lee were "introduced into the equation." *Id.* at ¶ 33.2.

### B.  Procedural Posture

Lee moved to dismiss Plaintiff's claim of termination based on her race under § 1981 and conspiracy under § 1985 asserting that Plaintiff fails to allege that she was subjected to race-based harassment by Lee, that Lee treated her disparately based on her race, or that she complained of the discrimination claim as needed for a claim of retaliation. Doc. 11, p. 1.  Plaintiff opposes the motion, claiming that it was untimely, arguing that her complaint sets out plausible facts to support a §1981 claim, and requesting that if the court disagrees, to allow her to amend her complaint. Doc. 18.  In her opposition, Plaintiff also concedes that she cannot bring a §1985 conspiracy claim and therefore withdraws it. *Id.* at p. 6.  In reply, Lee asserts that his motion is timely according to Federal Rule of Civil Procedure 12(a), that Plaintiff should not be afforded leave to amend her complaint, and that Plaintiff's lack of factual support concerning Lee calls for dismissal of her claims against him. Doc. 23.

## II.
### LAW AND ANALYSIS

A defendant may seek dismissal of an action when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The court must accept all well-pled

facts as true and view them in the light most favorable to plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). But the court does not "'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Harmon v. City of Arlington, Texas*, 16 F.4th 1159, 1162–63 (5th Cir. 2021) (quoting *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)).

To survive a Rule 12(b)(6) motion, the complaint must amount to more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007). Thus, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. 1955). A facially plausible claim contains enough factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the complaint, including documents attached to or incorporated by the complaint, and matters of which judicial notice may be taken, including matters of public record. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### A. Timeliness of Lee's Motion to Dismiss

In a single line of its opposition to the Motion to Dismiss, Plaintiff claims the motion was untimely filed. Doc. 18, p. 1. In a footnote to that line, Plaintiff recounts the parties' exchanges allowing Lee additional time to respond to the complaint and concludes that Lee, nevertheless, filed this motion outside this time and so late. *Id.* at n.1. The record of this matter, however, shows that Lee has yet to answer the complaint, but, instead, filed the current Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) permits the defense of "failure to state a claim upon which relief can be granted" to be asserted by motion, provided such motion "must be made before pleading if a responsive pleading is allowed."    Quite recently, the United States District Court for the Middle District of Louisiana, noting a dispute among some courts whether Rule 12(a)'s 21-day deadline for responsive pleadings applies to Rule 12(b)(6) motions, concluded that "[s]ince a motion to dismiss is not a responsive pleading, the limitations in Rule 12(a) do not apply." *Brown v. City of Central*, No. CV 22-264-SDD-RLB, 2023 WL 2950613, *6 (M.D. La. Jan. 13, 2023), *report and recommendation adopted*, No. CV 22-264-JWD-RLB, 2023 WL 2385595 (M.D. La. Mar. 6, 2023), *aff'd*, No. 23-30146, 2024 WL 546340 (5th Cir. Feb. 12, 2024). The *Brown* court then considered a motion to dismiss that was filed beyond the Rule 12(a) deadline for responsive pleadings but before any answer to the complaint was filed by the movants.  In doing so, it identified several other decisions in Louisiana federal district courts that have reached the same conclusion.  *Id*.  This court finds the *Brown* court's approach appropriate.  *See, e.g., Boudreaux v. Axiall Corp.*, No. CV 18-0956, 2021 WL 4702810, at *1 n.1 (W.D. La. Oct. 7, 2021) (rejecting plaintiff's objection to Rule 12(b)(6) motion as untimely because it was not filed within 21 days of service as required by Rule 12(a) because the motion was filed prior to the filing of a responsive pleading).

Further, this court has held that whether a Rule 12(b)(6) motion to dismiss is filed within the deadline to answer the complaint is irrelevant as long as it is filed before the plaintiff has moved for entry of default. *In re Campbell*, No. 16-80837, 2017 WL 2870132 at *4 (Bankr. W.D. La. July 5, 2017) (citing *Hudson v. State of North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994)).  The court agreed with other district courts across the country, stating that even when there is a "'technical default,' a defendant's motion to dismiss for failure to state a claim should be 'dealt with' by the

court 'in the interest of economy' where the plaintiff did not seek an entry of default and given the 'relatively relaxed standard for vacating an entry of default.'" *Id.* (citing *Totalplan Corp. of America v. Lure Camera, Ltd.*, 613 F. Supp. 451, 456 (W.D.N.Y. 1985)).

Lee was served with Plaintiff's complaint on September 12, 2024, making Lee's responsive pleading deadline October 3, 2024. Doc. 6.  On October 1, 2024, Lee filed a Motion for Extension of Time to File Answer [doc. 9], which was subsequently granted, giving Lee until November 4, 2024, to respond [doc. 10].  Plaintiff acknowledges that Lee's responsive pleading deadline was extended further by agreement of counsel to November 8, 2024.  Doc. 18, p. 1, n.1.  Nevertheless, the instant motion was filed on November 11, 2024. Doc. 11.  Lee, however, has not yet answered the Complaint.  Moreover, on November 15, 2024, Plaintiff filed a Motion for Entry of Default against the other two defendants, but did not include Lee in this motion.  Accordingly, on this procedural history, the court finds the Motion to Dismiss to be timely and properly before the court for decision.

**B.  Plaintiff's race discrimination claim under 42 U.S.C. § 1981**

Section 1981 provides that "[a]ll persons within the . . . United States shall have the same right . . . to make and enforce contracts," which "includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b).  This statute "serves as a deterrent to employment discrimination and a means of punishing employers who discriminate on the basis of race." *Carroll v. Gen. Accident Ins. Co. of Am.*, 891 F.2d 1174, 1176 (5th Cir. 1990).  A plaintiff alleging a § 1981 discrimination claim must sufficiently plead: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Sherrod v. United*

*Way Worldwide*, 821 Fed. Appx. 311, 316 (5th Cir. 2020) (quoting *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994)).  Plaintiff has the burden of pleading facts that, taken as true, permit the Court to infer "that race was a but-for cause of [her] injury" to sustain her § 1981 discrimination claim. *See Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, 589 U.S. 327, 333, 140 S. Ct. 1009, 1014-15 (2020).

Plaintiff sufficiently alleges that she is a member of a racial minority by stating that she is an "African American female". Doc. 1, p. 1.  She also sufficiently alleges that the proposed discrimination involved an enumerated activity under § 1981 by alleging that her employment was terminated by Defendants. *Id.* at ¶ 17.  Plaintiff's allegations as to defendant Lee's intent, however, are lacking.  Accordingly, the court will analyze this element in further detail.

As explained by the Fifth Circuit,

> Although "naked allegation[s]" of discriminatory intent are too conclusory to survive a motion to dismiss, discriminatory motive may be—and commonly is—demonstrated by circumstantial evidence. An allegation that similarly situated non-minorities received better treatment "could create the necessary inference and set the predicate for establishing the section 1981 claim."

*Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citations omitted).

Plaintiff's only factual allegations specifically regarding Lee are that (i) he once told her she was grossly overpaid [doc. 1, ¶ 15], and (ii) when she asked him about her termination, he told her it was for insubordination and that more details would be provided in the termination letter [*id.* at ¶ 19].  Neither of these allegations suggests racial animus on the part of Lee.  Other than these allegations, Plaintiff conclusively asserts that Lee displayed a disdain for her as a "Black professional" [*id.* at ¶ 15] and further lumps Lee in with generalized allegations concerning all "Defendants."

- 7 -

This kind of group pleading has often been held inadequate under Rule 12(b)(6) analyses. *See, e.g.*, *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("Because the notice pleading requirement of the Federal Rules of Civil Procedure entitle each defendant to know what he or she did that is asserted to be wrongful, allegations based on a 'theory of collective responsibility' cannot withstand a motion to dismiss."); *Body by Cook*, 869 F.3d at 387 ("Plaintiffs make only generalized allegations regarding Defendants' alleged disparate treatment of Body by Cook versus non-minority-owned shops. These allegations are not specific enough to plead discriminatory intent. They fail to identify which Defendant discriminated . . ."); *Alexander v. City Police of Lafayette*, No. 6:11-CV-01749, 2021 WL 4396016, at *10 (W.D. La. Sept. 24, 2021) ("Courts have often concluded that allegations that plead liability with respect to a collective group of defendants without distinguishing the conduct of each individual defendant are deficient."); *Tilson v. DISA, Inc.*, No. CV 17-240-SDD-EWD, 2019 WL 208871, at *2 (M.D. La. Jan. 15, 2019) (in a group pleading context, analyzing only well-pleaded facts against a particular defendant to determine if pleading stated a cause of action); *Cain v. City of New Orleans*, No. CV 15-4479, 2016 WL 2849498, at *5 (E.D. La. May 13, 2016) ("This pleading structure—lumping all defendants together and asserting identical allegations as to each, without distinction—largely prevents the Court from discerning which defendants are allegedly responsible for which allegedly unlawful actions.").

In her complaint, Plaintiff fails to allege whether it was Lee who specifically discriminated against Plaintiff or if he was even involved in any of the situations described by Plaintiff such as having the police called on the day of her termination, whether Lee had authority over Plaintiff or her termination, and whether Lee was involved in the discipline of other non-minority employees. As "allegations based on a 'theory of collective responsibility' cannot withstand a motion to

dismiss," *Martinez*, 846 F. App'x at 243, Plaintiff's allegations are not specific enough to plead discriminatory intent by Lee.  Accordingly, Lee's Motion to Dismiss [doc. 11] should be granted.

### C.  Plaintiff's request to amend her complaint

In her opposition to the instant motion, Plaintiff requests leave to amend her complaint in the event the court finds that she failed to state a claim against Lee. Doc. 18, p. 6.  In his reply, Lee argues that Plaintiff's request to amend her complaint should be denied as she failed to provide any notice of the nature of the proposed amendment or how it would cure the deficiencies of her original complaint. Doc. 23, p. 4.  He asserts that Plaintiff has plead her best case, which allows this court to dismiss the action against him with prejudice. *Id.*

Because this case is in the beginning stages of litigation, however, it is appropriate under Rule 15(a)(2) for the court to afford Plaintiff with the opportunity to amend her Complaint. Accordingly, the instant motion should be granted, but Plaintiff should be allowed to amend her pleadings to clarify the factual basis for her claim. *See Howard v. First United Pentecostal Church of DeRidder LA*, No. 2:21-cv-3181, doc. 23, 2021 WL 5750844, at *3 (W.D. La. Dec. 2, 2021).

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 11] be **GRANTED**, and that the claims for race discrimination under 42 U.S.C. § 1981 and conspiracy to violate same under 42 U.S.C. § 1985 against defendant Justin Lee be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that, in the event this Report and Recommendation should be adopted, Plaintiff should be permitted to file an amended pleading within fourteen (14) days after the District Court's order adopting this Report and Recommendation to attempt to remedy the pleading deficiencies described herein.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 29th day of September, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**