**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MEGAN BROUSSARD** | : | **CIVIL ACTION NO. 2:24-cv-01168** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **MATTHEWS & SON FUNERAL HOME LLC ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court is plaintiff Megan Broussard's Motion for Attorney Fees [doc. 40] filed pursuant to this court's Order [doc. 39] granting her reasonable fees for reimbursement in relation to defendants Matthews and Son Funeral Home and Sheryl Portie's (collectively, the "Moving Defendants") *Motion to Set Aside Entry of Default and File Answer Out of Time* [doc. 26]. The Moving Defendants responded [doc. 44] and Plaintiff replied [doc. 45], making the matter ripe for resolution. For the reasons set forth below, the motion is **GRANTED**, and the court finds Plaintiff should receive a total award of $4,968.75 in reasonable expenses, including attorney's fees.

## I.
## Background

On September 30, 2025, the court adopted the undersigned's Report and Recommendation [doc. 37], denying Plaintiff's *Motion for Default Judgment* [doc. 21] as moot and granting Moving Defendants' *Motion to Set Aside Entry of Default and File Answer Out of Time* [Doc. 26]. Doc. 39. The same order, however, awarded Plaintiff attorney fees for the fees incurred to mitigate any prejudice against Plaintiff due to Moving Defendants' delay in answering.[1] Doc. 39; *see* doc. 37, p. 7. In compliance with this court's order [*id.*], Plaintiff filed the instant Motion for Attorney

[1] This award is limited to fees incurred for "(1) October 21, 2024 letter from Plaintiff's counsel to Defendants warning of risk of default for failure to answer [doc. 13, Ex. D]; (2) November 15, 2024 Plaintiff motion for clerk default; (3) December 11, 2024 email to Portie warning of default [doc. 21, Ex. A]; (4) December 13, 2024 Plaintiff motion for default judgment; . . . (5) the [ ] response to Defendants' doc. 26 combined filing"; [doc. 29, p. 6] and (6) Plaintiff's opposition to Matthews and Portie's Motion for Leave to File Sur-Reply [doc. 34]." Doc. 37. P. 7.

Fees accompanied by an affidavit of her counsel confirming that the hours expended and hourly rates claimed in the motion are true and correct. Doc. 40; doc. 40, atts. 2-3. Moving Defendants opposed the instant motion, arguing that both the hourly rates charged, and hours expended were excessive. Doc. 44.

## II.
## LAW AND ANALYSIS

"A party can be held responsible only for the reasonable attorneys' fees and expenses caused by the party's misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The United States Supreme Court has stated that the "lodestar" method is the "most useful starting point" for determining an award of attorney fees. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). The lodestar is computed by multiplying "the reasonable number of hours expended on the litigation" by "the reasonable hourly rates for the participating lawyers." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). There is a strong presumption that an award calculated through this method is a reasonable fee. *Id.*

To calculate the lodestar, the court needs to know the amount of time worked and hourly rates charged. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995), *cert. den.*, 516 U.S. 862 (1995). The court must also determine whether the time worked and hourly rates are reasonable. *Id.* The party seeking the fee award bears the burden of establishing reasonableness by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgment. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F.Supp.2d 279, 286 (E.D. La. 2008). Parties who submit vague or incomplete fee applications "'take their chances' that the district court will reject or reduce fee awards." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997) (quoting *Kellstrom*, 50 F.3d at 326–27).

The lodestar calculation, however, may be adjusted up or down if the twelve factors enumerated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974),

show exceptional circumstances warranting a departure. *Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993). These factors include: "'(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.'" *Adams Bayou Marine Mgmt. Co., LLC v. Double Chine, LLC*, No. 1:23-CV-84-MJT-CLS, 2025 WL 1752148, at *2 (E.D. Tex. Feb. 7, 2025) (citing *Marquis v. Sadeghian*, No. 4:19-CV-626-RWS-KPJ, 2021 WL 4148755, at *11 (E.D. Tex. Sept. 13, 2021)). Accordingly, the court will first calculate the lodestar, then adjust the amount in consideration of the *Johnson* factors if necessary.

***i. Reasonable Hourly Rate***

Attorney fees are calculated based on the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The relevant community "'for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits.'" *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citing *Scham v. Dist. Cts. Trying Crim. Cases*, 148 F.3d 554, 558 (5th Cir. 1998)). The applicant bears the burden of establishing the reasonableness of the rate, which may be accomplished through an affidavit of the attorney performing the work and information of rates actually billed and paid in similar suits. *Blum*, 465 U.S. at 896 n. 11. If the rate is unopposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990); *Reed v. Auto Club Family Insurance Co.*, 2008 WL 3851683, at * 2 (E.D. La. 2008) (citing *Kellstrom*, 50 F.3d at 328).

Within this district, "attorneys with over 20 years of experience have received between $300 and $375 per hour in recent cases". *Lee v. Boyd Racing L.L.C*, No. 2:22-CV-00174, 2025 WL 913462 at *2 (W.D. La. Mar. 25, 2025); *see also Revell v. Prince Preferred Hotels Shreveport, LLC*, 2024 WL 3625214, at *4 (W.D. La. Aug. 1, 2024) (the Shreveport division of this district awarded $365 per hour for an attorney with twenty-two years of experience in labor and employment law); *Olive v. Tubbs*, No. 3:22-CV-05205, 2023 WL 6420794, at *8 (W.D. La. Sep. 29, 2023) (the Monroe division of this district reduced a rate of $600 per hour to $375 per hour for an attorney with fifty years of experience and a rate of $325 per hour to $250 per hour for an attorney with ten years of experience); *Bertram v. Progressive Se. Ins. Co.*, No. CV 19-01478, 2021 WL 433976 (W.D. La. Feb. 8, 2021) (this court held that $350 per hour was reasonable for an attorney with thirty years of experience for an award arising out of a discovery dispute). Recently in this division, the District Judge reduced a request for $450 per hour for two attorneys to $325 per hour for an attorney with twenty-seven years of experience and $375 for an attorney with thirty-nine years of experience. *Smith v. 1st Abundant Home Care LLC*, No. 2:25-CV-00021, 2025 WL 2396508 at *6 (W.D. La. Aug. 18, 2025).

Here, Plaintiff's counsel claims an hourly rate of $475 per hour for David Schleicher and $400 per hour for Gene Thibodeaux. Doc. 40, pp. 2, 9. Through the instant motion, Mr. Schleicher supports his requested rate by citing a handful of Eastern District of Louisiana cases but fails to cite any cases from this district. *Id.* at pp. 2-3. As noted above, however, the relevant community "'for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits.'" *Tollett*, 285 F.3d at 368 (citing *Scham*, 148 F.3d at 558). Counsel does, however, note that Mr. Schleicher has been licensed to practice law for thirty-six (36) years [doc. 40, p. 2] and Mr. Thibodeaux for fifty-one (51) years [*id.* at p. 9]. Counsel also highlights that Mr. Schleicher has extensive experience in employment law matters [doc. 40, p. 3], and Mr.

Thibodeaux has a wealth of experience through his former role as Chief Judge of the Louisiana Third Circuit Court of Appeal and other prestigious positions he held throughout his career [*id.* at p. 9]. Upon consideration of the prevailing rates in this district for similarly situated attorneys, the court finds it appropriate to reduce both attorneys' billing rates. Accordingly, the court finds $375 per hour for Mr. Schleicher and $375 per hour for Mr. Thibodeaux reasonable in this case and in line with the prevailing market rates of this district. *See Smith*, 2025 WL 2396508 at *6 (the Lake Charles division reducing a request for $450 per hour for two attorneys to $325 per hour for an attorney with twenty-seven years of experience and $375 for an attorney with thirty-nine years of experience); *Olive*, 2023 WL 6420794, at *8 (the Monroe division of this district reduced a rate of $600 per hour to $375 per hour for an attorney with fifty years of experience and a rate of $325 per hour to $250 per hour for an attorney with ten years of experience).

***ii. Reasonable Hours Expended***

Plaintiff claims its attorneys Mr. Schleicher and Mr. Thibodeaux spent 14.8 and 4.0 hours, respectively, on the motions and communications in in connection with Moving Defendants' delay in answering. Doc. 40, pp. 4-9. Moving Defendants argue, however, that Mr. Schleicher's hourly rate and hours expended are excessive and that Plaintiff failed to provide enough evidence to support hourly rate and hours expended claimed by Mr. Thibodeaux. Doc. 44. The court partly agrees with Moving Defendants. Specifically, while the itemization entries included in the motion for Mr. Schleicher [doc. 40, pp. 4-8] were specific as to the work completed, there were no specific entries included for Mr. Thibodeaux. The only explanation for the hours claimed by Mr. Thibodeaux is that he reviewed "all of the documents associated with the default motion, the accompanying memo, the submissions of the Defendants, and the legal authorities cited therein for accuracy[.]" *Id.* at p. 9. This is simply not specific enough to allow the court to determine

whether the time expended was reasonable and relevant to the topics for which this court is awarding fees.

Furthermore, considering the extensive experience of both Mr. Schleicher and Mr. Thibodeaux, the court finds Mr. Thibodeaux's summary of work unreasonable. Because each attorney claiming fees in this motion has over thirty (30) years of experience, there is no need for Mr. Thibodeaux to review Mr. Schleicher's work or citations. This was an unreasonable duplication of work. Accordingly, the unreasonable, unspecific hours claimed by Mr. Thibodeaux in the instant motion [doc. 40, p. 9] will be deducted from the claimed hours expended by Plaintiff's counsel.

As to Mr. Schleicher's claimed hours, Moving Defendants argue they are duplicative, inflated, and unauthorized. Doc. 44, p. 10. After review of Mr. Schleicher's submission, the court finds that most of Mr. Schleicher's time entries are specific, relevant, and reasonable, with each submission specifying under which category of the court's award they fall. Doc. 40, pp. 4-8. The only hours the court finds unreasonable are the hours claimed for Mr. Schleicher's work on Moving Defendants' Motion for Oral Argument [docs. 31, 35]. Doc. 40, p. 8. Specifically, under the Motion for Leave to File Sur-Reply category, Mr. Schleicher claims .7 hours for review and research as to both Moving Defendants' Motion for Leave to File Sur-Reply [doc. 30] and their Motion for Oral argument [doc. 31]; .8 hours for researching and drafting a response to the Motion for Oral Argument [doc. 31]; and .4 hours to review and draft a response to Moving Defendants' amended Motion for Oral Argument [doc. 35]. Doc. 40, p. 8. In its Judgment on the Motion to Set Aside Entry of Default, however, the court did not award Plaintiff attorney's fees incurred in responding to the Motion for Oral Argument. Doc. 39, p. 2. Therefore, the hours requested by Mr. Schleicher for work done in response to the Motion for Oral Argument will be deducted, reducing

the total hours requested for work done in response to the Motion for Leave to File Sur-Reply [doc. 30] from 3.4 to 1.85.[2]

Thus, the total hours expended by both Mr. Schleicher and Mr. Thibodeaux will be reduced to the 13.25[3] reasonable hours worked by Mr. Schleicher [doc. 40, p. 8]. As such, the total lodestar amount is $4,637.50,[4] which the court finds reasonable. Finally, after review of the remaining *Johnson* factors, and noting an absence of objection based on these factors, the court finds no further reduction necessary.

## III.
## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fess [doc. 40] is **GRANTED**. Defendants Matthews and Son Funeral Home and Sheryl Portie shall jointly pay Plaintiff $4,968.75 pursuant to this court's Order [doc. 39] granting Plaintiff reasonable fees for reimbursement in relation to Moving Defendants' *Motion to Set Aside Entry of Default and File Answer Out of Time* [doc. 26].

**THUS DONE AND SIGNED** in chambers this 30th day of September, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

[2] The request for .7 hours of combined work on both the Motion for Leave to File Sur-Reply and the Motion for Oral Argument will be split in half. Thus, the calculation being 3.4 - .35 - .8 - .4 = 1.85.

[3] .6 (October 2024 letter) + 1.5 (Motion for Entry of Default) + 2.7 (December 2024 email and Motion for Default Judgment) + 6.6 (Response to Moving Defendants' combined filing) + 1.85 (Response to Motion for Leave to File Sur-Reply) = 13.25.

[4] 13.25 hours at $350 per hour = $4,968.75.